IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Newark Division

| | | |
|---|---|---|
| RICHARD M. ZELMA, | * | |
| 940 Blanch Avenue | | |
| Norwood, NJ 07648 | * | |
| *Pro se* | * | |
| Named Plaintiff, | * | |
| v. | * | Case No.: _____ |
| LIBERTY POWER CORP., LLC, | * | |
| 2100 W. Cypress Creek Rd, Suite 130 | | |
| Fort Lauderdale, FL 33309 | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

Defendant Liberty Power Corp., LLC ("Liberty Power"), by and through counsel, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes the above-titled action to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Bergen County, Law Division, and for its Notice of Removal further states as follows:

1. On March 5, 2019, Plaintiff Richard Zelma ("Plaintiff") filed his Complaint, Docket No.: BER-L-001776-19.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, due to Plaintiff's claim arising under federal law.

3. Federal courts retain jurisdiction over cases where "federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). The complaint alleges, *inter alia*,

violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* (Complaint ¶¶ 58, 61). Plaintiff's Complaint raises a federal question that is actually disputed. The Supreme Court has held that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Fin. Services, LLC*, 565 U.S. 368, 376 (2012). Thus, removal is warranted, as this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331.

4. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's state law claim under the New Jersey Consumer Fraud Act (N.J.S.A. §§ 56:8–1) is "so related to the [federal law claim] . . . that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also Zitter v. Petruccelli*, 213 F. Supp. 3d 698, 704 (D. N.J. 2016).

5. The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of Liberty Power being served on March 12, 2019.

6. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district embracing the place where the removed case was pending.

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders from the state court action received to date are being filed with this Notice of Removal, attached hereto as **Exhibit A.**

8. Pursuant to 28 U.S.C. § 1446(d), counsel for Liberty Power will promptly file a notice of this Notice of Removal in the Superior Court of New Jersey, Bergen County, Law Division, attached as **Exhibit B**.

9. Pursuant to Civ. RULE 5(e)(1), a completed civil cover sheet and copies required to be filed pursuant to 28 U.S.C. § 1446(a) are being furnished to the Clerk.

Dated:  March 26, 2019	Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

/s/ Nicholas M. Gaunce
Nicholas M. Gaunce

## **CERTIFICATE OF FILING AND SERVICE**

I HEREBY CERTIFY that I caused a true and accurate copy of the foregoing to be filed electronically through the Court's e-Courts system and served upon the below by e-mail and regular mail:

>Richard Zelma
>940 Blanch Avenue
>Norwood, NJ 07648
>tcpalaw@optonline.net
>*Appearing pro se*

>/s/ Nicholas M. Gaunce
>Nicholas M. Gaunce