# EXHIBIT A

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

| | |
|---|---|
| **Richard M. Zelma**<br><br>**Plaintiff**<br><br>**Vs.**<br><br>**LIBERTY POWER HOLDINGS LLC,** **(A Florida limited liability company), d/b/a, a/k/a Liberty Power LLC; d/b/a LIBERTY POWER NEW JERSEY LLC.,** **and** **Does' (1-10 and ABC Corporations' (1-10); each acting individually, in concert or as a group.**<br><br>**Defendants'** | **SUPERIOR COURT OF NEW JERSEY**<br><br>**BERGEN COUNTY**<br><br>**LAW DIVISION**<br><br>**DOCKET NO.: BER- L-**<br><br><u>Civil Action</u><br><br>**PLAINTIFFS COMPLAINT FOR STRICT LIABILITY STATUTORY DAMAGES for VIOLATIONS of THE TELEPHONE CONSUMER PROTECTION ACT; VIOLATIONS TO THE NEW JERSEY NO CALL LAW; TREBLED DAMAGES; PUNITIVE DAMAGES and PERMANENT INJUNCTIVE RELIEF** |

## I.  INTRODUCTION

Plaintiff, Richard M. Zelma by way of Complaint as against Defendant says as follows:

1.  This suit is brought pursuant to applicable authorities; 47 <u>U.S.C.</u> §§227(b)(1)(A)(iii);(b)(3)&(c)(5) (TCPA) and <u>N.J.S.A.</u> §56:8-130 *et seq*, which prohibit the initiation of unsolicited prerecorded messages, made through the use of an automated telephone dialing system having the capacity to store or produce random or sequential telephone numbers to be called or texted, or in the alternative; used an Automated Dialing and

1

Announcement Device (ATDS) which includes auto-dialers and predictive dialers, to deliver a prerecorded message.

2. On the dates and times set forth herein, THE Defendant called Plaintiff's cellular telephone, without his consent, delivering auto-dialed prerecorded messages.

3. Each of the Defendants prerecorded messages were initiated to Plaintiff through the use of an Automated Dialing and Announcement Device (ADAD), made to a cellular telephone connected to a mobile network, where the cellular number is listed with the federal and (NJ) state no-call-list, to avoid receiving unwanted telemarketing prerecorded message solicitations of any kind.

## II. <u>PARTIES</u>

4. Richard M. Zelma (hereinafter, "Plaintiff" or "Zelma"), is a natural person and senior citizen, residing at 940 Blanch Avenue, in the Borough of Norwood, Bergen County New Jersey 07648 and is the subscriber to the subject cellular phone.

5. Upon information and belief, Liberty Power is a Florida limited liability company with its principal place of business in Fort Lauderdale, Florida.

6. Defendant Liberty Power does or has done business in the State of New Jersey as "LIBERTY POWER NEW JERSEY LLC.".

7.    Upon   Plaintiffs   information   and   belief,   any unconfirmed  various  and  other  names  used  herein,  were names  freely  given  by  the  calling  agents  during  the course  of  the  subject  solicitations  and  if  applicable, are to be considered among the Doe Defendants.

### III. <u>JURISDICTION AND VENUE</u>

8.    The  facts  giving  rise  to  this  complaint  had  their primary  effect  in  the  County  of  Bergen,  State  of  New Jersey.

9.    This   Court   has   State   Law   Claims   with   specific jurisdiction   under   The   New   Jersey   Consumer   Fraud   Act <u>N.J.S.A.</u> §56:8-1; (The CFA or the Act).

10.   Specifically,  <u>N.J.S.A.</u>  §§56:8-19  &  130,  addresses the  specific  violations  where  the  Defendant  engaged  in substantial,  continuous  and  systematic  activities  by repeatedly  initiating  prohibited  autodialed  prerecorded messages   (robo-calls)   into   New   Jersey,   within   this County,  to  Plaintiff,  a  resident  whose  New  Jersey  cell phone  number  [201]  310-XXXX  is  registered  with  the Federal  and  State  no-call  list  since  inception  and  the controlling   jurisdiction   in   which   those   violations occurred.

11. This  Court  has  general  jurisdiction  under  authority of  the  TCPA,  47  <u>U.S.C.</u>  §§227(b)(1)(A)(iii),(b)(3)&(c)(5) in  that  the  Defendants  repeatedly  violated  the  Federal

proscriptions by repeatedly sending prerecorded messages to solicit Plaintiff on his cellular phone.

12. The violations in this matter raise federal-law questions in addition to State Law claims which can be heard in the Bergen County Superior Court.[1]

13. In the interest of Judicial Economy, The Superior Court of New Jersey can hear both State and Federal Law claims.[2]

14. As further set out below, the defendant's and each of them made a conscious decision; purposely situating themselves in the Forum State; directing their prohibited activities into the Forum State; soliciting business in the Forum State, towards Plaintiff, deliberately, willfully or knowingly sending prerecorded messages to Plaintiffs cell phone, annoying his household, consuming his time, compromising and consuming the minutes allocated to his cell plan while unlawfully soliciting their products and services for their own financial gain.

## IV. ACTS OF AGENTS

15. Whenever and wherever it is herein alleged that the Defendant, either individually, in concert with others or as a group, did any act defined, described or set forth herein, it is meant the Defendant performed,

---

[1] Zelma v. Total Remodeling, Inc., 756 A.2d 1091 (N.J. Super. Ct. Law Div. 2000).

[2] Zelma v. MARKET USA, 778 A.2d 591 (N.J. Super. Ct. App. Div. 2001)

caused to be performed and/or participated in the act[s] and/or, that Defendants officers, owner[s], member[s] and/or managing members, partner[s], employees, contractors, successors, assigns, predecessors, affiliates, or 'other' agent[s], performed or participated in those acts on behalf of, for the benefit of, and/or under the authority or direction of the Defendant under Agency.

## V. BACKGROUND

16. Plaintiff brings this action against Liberty Power Corp, L.L.C. ("Liberty Power" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C.§227, and the regulations promulgated thereunder (the "TCPA").

17. Plaintiff brings this action for the Defendant's concurrent violations to the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1 et seq.

18. The Defendant, either independently or through an agreement with the Doe and/ or ABC Corporate defendants, used an automatic telephone dialing and announcement device (ADAD), causing at least twelve (12) calls to be made to Plaintiffs cellular phone, and using a prerecorded or artificial voice, delivered a message, encouraging Plaintiff to purchase energy services from the Defendant, delivering those message at least twelve (12) times absent Plaintiff's prior express written

permission and in violation to Plaintiffs repeated no-call requests.

19.     These calls violated the TCPA, which prohibits the making of any advertising or telemarketing calls to a residential telephone, or in the instant matter, to a number assigned to a cellular telephone service, where such calls are initiated through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice, without the prior express permission of the person to whom the call is made.

20.     On January 13, 2016 at 6:45 PM, plaintiff received the first call to his cell phone from the defendants. After listening to a prerecorded message, plaintiff was connected to a live agent who proceeded to describe the defendants discounted energy services.

21.     That agent described the manner in which the Defendant's services work[ed], who does the billing and how their service provides a lower monthly utility bill.

22.     Plaintiff told that caller he wasn't interested and not to call again.

23.     On January 15, 2016 at 8:27 PM, Plaintiff received the second call to his cell phone from the defendants. The elements of this call were substantially identical to the previous in that it started with a prerecorded message the led to a live agent. Again, that caller was told not to call again.

24.     Again on January 19, 2016 at 3:44 PM, Plaintiff received yet another call to his cell phone from the defendants. After the initial prerecorded message and connected to a live agent from the defendants call center, the caller was told not to call again.

25.     That agent said she cannot take a no call request, that (request) must go through a supervisor and there was no one in the office to take that no-call request!

26.     Shortly after that non-compliant response and with great difficulty, Plaintiff was eventually able to reach what was believed to be the corporate executive office at the defendants headquarters.

27.     Plaintiff sent an email to the CEO, David Hernandez outlining the seriousness of the repeated calls.

28.     Following the receipt of a "received (email) confirmation" from Mr. Hernandez, that same day, Jan 19, 2016, Plaintiff called to follow up with his complaint and spoke with a Ms. Culp ("Culp") who claimed to be the Director of Marketing at Liberty Power.

29.     In a rather meretricious voice and pretending to care, Mrs. Culp confirmed the receipt of Plaintiffs email, claiming "they take these matters very seriously", requesting plaintiff provide his cell phone number, dates & Times of each call and incoming number's that made the calls, all of which he did.

30.     At that time, Mrs Culp told plaintiff; "we need 14 days

7

to investigate" and provided Plaintiff with her reach number at the Defendant's, as [954] 740-5137.

31.     On January 22, 2016, at 6:15 PM, several days after a lengthy conversation with the Defendants Director of Marketing ("Culp"), Plaintiff received yet another call from the defendants, substantially similar to the previous calls.

32.  On January 23, 2016 at 11:17 AM, Plaintiff received another call from the defendants identical to the previous.

33.  On that same day, Plaintiff called [954] 740-5137 and reached Mrs Culp to advise her the calls were continuing.

34.  In response; Mrs Culp told plaintiff; "we found your numbers; we did call to solicit you and our in-house counsel, Garson Knapp, will call you 'later' to discuss resolution."

35.     From that day forward, Mr. Knapp never called. Since that time, plaintiff was never able to reach Mrs. Culp or attorney Knapp or anyone in authority at the defendant headquarters. All calls and messages made to those individuals were never returned.

36.     Following the aforementioned calls; from January 25, 2016 the defendants unwanted calls continued until February 6, 2016, whereby reaching a total of twelve (12) calls from the defendants, being identical or substantially similar in substance to the previous calls.

37.  A record of additional calls will be sought through continuing discovery.

38.    A Call Detail Record of the Defendants Twelve (12) calls are attached hereto and made a part hereof as EXHIBIT-1

## VI.    STATUTORY BACKGROUND
### The TCPA

39.    Starting on October 16, 2013, the TCPA generally prohibits a person or entity from initiating or causing to be initiated any telephone call that introduces an advertisement or constitutes telemarketing using any automatic telephone dialing system (ATDS) or an artificial or prerecorded voice (ADAD) to any telephone number assigned to a cellular telephone service, without the prior express written consent of the called party. 47 U.S.C. §§ 227(b)(1)(A)(iii),(b)(1)(B);  47C.F.R.§§64.1200(a)(1)(iii),(a)(2).

## VII. New Jersey Statutes
### N.J.S.A. §§ 56:8-19 & 56:8-130(a)

40.    N.J.S.A. §56:8-19, provides that;
"[a]ny person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section . . .the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit."

41.    N.J.S.A.§56:8-130(a) generally prohibits telemarketers from making telemarketing sales calls to cellular telephones of any customer.

42.     N.J.S.A. §§ 56:8-1, 56:8-120, defines "merchandise []
to include any objects, wares, goods, commodities, services or
anything offered, directly or indirectly to the public for sale".

43.     The Defendants unlawful calls made to Plaintiffs
cellular phone caused Plaintiff to incur the loss of a
considerable amount of his previously paid-for minutes while
responding to the Defendants unwanted, unlawful and prohibited
calls.

## VIII.     DEFENDANT'S ILLEGAL CALLS

44.     Upon information and belief, on January 13, 2016,
January 15, 2016, January 19, 2016, January 22, 2016, January 23,
2016, January 25, 2016, January 26, 2016, January 27, 2016,
January 28, 2016, February 1, 2016, February 5, 2016 and February
6, 2016, the Defendant, devoid of Plaintiff's prior express
written consent, used an automatic telephone dialing system,
within the meaning of the TCPA, made, initiated and/or caused to
be initiated those calls to Plaintiff's cellular telephone
number, which was and remains (201) 310-XXXX, which telephone
calls used a prerecorded or artificial voice, which in substance,
the[ir] message said;

> "government rules had changed regarding energy providers, and as a result,
> you could save hundreds of dollars a year on energy bills by switching
> energy providers. To learn more, press 'one'."

45.     After Plaintiff pressed 'one', a slight delay occurred,
then a voice over the phone, sounding as if they were in a room
with other agents, identified themselves as Liberty Power
customer service, i.e., the Defendant.

46.     Plaintiff believes the Defendant used an automatic telephone dialing system within the meaning of the TCPA to call Plaintiff's cell phone because the prerecorded or artificial message would only trigger after Plaintiff said "hello" twice.[3] That message was generic, impersonal and was aimed at a mass audience to convince them to switch energy plans from their current supplier and use Defendant's energy plan instead.

47.     Once the Defendants ATDS transferred Plaintiffs call to a live agent, Plaintiff questioned those agents as to the source used to call him.

48.     The Defendants agents responded (generally) with; „ we don't actually dial your number, a computer makes the call[s]!"

49.     The defendants live agents, explaining their process to provide discounted energy, were unlawfully consuming paid-for minutes off of Plaintiffs Cell phone, thus causing a loss in his minute plan.

50.     The Defendants actions, defined and described herein, caused Plaintiff to suffer an ascertainable loss of pre-paid minutes along with the resultant cost and inconvenience associated with his phones battery life, charging as well as a relied upon state of charge of the phones battery condition.

51.     As a result of the above-described solicitations, the Defendant tied up Plaintiff's telephone line, invaded Plaintiff's privacy and wasted Plaintiff's time and minutes.

---

[3] Plaintiff holds several credentials with the telephone industry as a retired System Technician with the Bell System/AT&T.

## IX. VIOLATIONS OF LAW AND FACTUAL ALLEGATIONS

52.     The Defendants initiated the foregoing calls and did so using an automatic dialing and announcement device. (ATDS)

53.     The defendants do not and did not have an internal no-call list nor have they purchased a no-call-list from the FTC's National Do-Not-Call Registry as required by law at the time the subject calls were placed.

54.     The defendant's employees, call-centers or agents are not trained in the use of a company specific no-call list as required by law.

55.     The defendants do not have procedures in place to "effectively" prohibit unwanted calls.

56.     The absence of any "effective" no-call procedures, mandatory minimum standards and regulatory compliance evidenced above, contributed to the defendants repeated calls.

57.     Each call received was in violation of plaintiff's previous no-call request.

58.     Each call received violated the terms of the TCPA.

59.     Each call received violated the provisions of the New Jersey No-Call-Law.

60.     At all times material to this Complaint, acting alone or in concert with others, the defendants and each of them had the authority and responsibility to prevent or correct the unlawful acts but knowingly failed or refused to do so and willfully chose to do nothing.

61.     The Defendants are therefore liable along with the currently unnamed Doe Defendants, under the terms of 47 U.S.C. §227(b)(3); (c)(5) and N.J.S.A. §56:8-130.

62.     The Defendants used an automated dialing and announcement device (ADAD) or an Automatic Telephone Dialing System (ATDS) to solicit Plaintiff and did so in violation of 47 USC §227(b)(1)(B).

63.     At all times relevant, the Defendants and each of them, purposely, willfully or knowingly made the calls at issue to Plaintiff; initiated or caused the initiation of those calls to Plaintiff; and delivered said calls to Plaintiff, which were purely commercial in nature, to benefit the Defendants' own financial gain.

64.     The Defendant did not have Plaintiffs prior express written consent to receive their auto-dialed unsolicited calls.

65.     The defendants' actions were willful or knowing.

66.     As alleged herein, the defendant's willful, purposeful or reckless disregard of the law; knowingly

13

implementing and initiating unlawful calls; violated the TCPA as well as the New Jersey no-call-law, where each such call was made with prior knowledge, participation, acceptance and approval, authorized, directed and controlled by the defendant to their own benefit.

## X. THIS COURT'S POWER TO GRANT RELIEF

**67.** 47 U.S.C. §227(b)(3)(A) empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any future violation by the Defendants of any provision of law enforced by the FCC that protects Plaintiff.

**68.** Plaintiff will suffer continued harassment along with substantial emotional distress and abuse that will annoy and alarm his household in addition to causing the unnecessary consumption of cellular minutes, if the Defendants are permitted to continue to engage in their prohibited practice, if Permanent Injunctive Relief is not granted.

**69.** Accordingly, Plaintiff has a cause of action against the Defendants and each of them and hereby seeks relief under the TCPA's Strict Liability statutory damage award; violations of the New Jersey no-call-law; as well as Permanent Injunctive Relief pursuant to the foregoing and against the Defendant.

## XI. COUNT ONE
### INITIATING UNLAWFUL CALLS TO A CELLULAR TELEPHONE:

## PROHIBITED USE OF AN AUTOMATED DIALING DEVICE:
## VIOLATIONS OF 47 U.S.C. §§227(b)(1)(A)(iii)

70. Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through sixty-nine as if set forth in full at length.

71. As set forth in ¶¶20-36&38 above, Plaintiff received and answered **TWELVE (12)** telemarketing calls on his cellular telephone, hearing a prerecorded message about the Defendants discounted utility service.

72. Those calls were identified as coming by, from or on behalf of the defendant.

73. The subject calls were not initiated for an emergency purpose.

74. The subject calls were made without the prior express consent of Plaintiff.

75. The TCPA; (**47 U.S.C. §§227(b)(1)(A)(iii)**) states in relevant part:

> "(a). . .
> **(b)** Restrictions on use of automated telephone equipment;
> **(1)**PROHIBITIONS: It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—
> **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States; . ."

76. The Defendant and each of them unlawfully engaged in the initiation and completion of twelve (12) prerecorded telemarketing calls to Plaintiffs cellular phone number that was placed on the Federal and State no-call registry since inception.

77. As set forth herein, the Defendants and each of them unlawfully engaged in the initiation of twelve (12) prerecorded telemarketing calls and completed those calls causing Plaintiff to answer his cellular telephone and consume unnecessary minutes.

78. The defendants initiated those twelve (12) calls using an automatic telephone dialing system or an artificial or prerecorded voice in violation of the proscriptions of the TCPA, as amended February 15, 2012, FCC REPORT & ORDER, *NPRM, 25 FCC Rcd at 1508-1511, paras. 17-23.*

79. Prior to their calls, the Defendants did not have Plaintiffs prior express written consent to initiate prerecorded telemarketing calls to his cellular phone using any type of automated telephone dialer. *Id.*

80. The defendants foregoing conduct by each of them initiating twelve (12) prohibited calls, constitutes twelve (12) separate and distinct violations to the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and the Regulations promulgated thereunder, 47 C.F.R.§64.1200(a)(1).

WHEREFORE, Plaintiff demands judgment against Defendants and each of them as follows:

Award Plaintiff strict liability statutory damages of $500.00 for each of the violations material to Count One for a total of Six Thousand Dollars ($6,000.00).

## XII.   COUNT TWO
## ENGAGING IN PROHIBITED ACTIVITY
## PURSUANT TO N.J.S.A. §56:8-130

81.   Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through eighty above as if set-forth in full at length.

82.   In a plan, program or campaign to solicit Plaintiff, on the dates and times set forth herein, the Defendants' initiated twelve (12) prerecorded telemarketing calls to Plaintiffs cellular phone. [EXHIBIT -1]

83.   The Defendant[s] initiated the twelve (12) calls to Plaintiffs cellular phone with the intent to market their products, goods or services. *Id.*

84.   New Jersey's no-call-law, codified under N.J.S.A. §56:8-120 *et seq*, states as follows:

> "Telemarketing" is a plan, program or campaign which is conducted by telephone to encourage the purchase or rental of, or investment in, merchandise, but does not include the solicitation of sales through media other than a telephone call."

85.   The defendants actions are unlawful under N.J.S.A. §56:8-130 by meeting the definition of a

prohibited solicitation. The Defendants were selling their products and / or services.

86. As defined under authority of the New Jersey Consumer Fraud Act, codified at N.J.S.A. §56:8-19, The Act sets-forth the following;

> "N.J.S.A. §56:8-19 **Action . . . by injured person; recovery of damages, costs.** Any person who suffers any ascertainable loss of moneys . . . as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action . . . therefore in any court of competent jurisdiction. **In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest.** In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable . . ., filing fees and reasonable costs of suit."

87. The Defendants actions are declared unlawful under the Telephone Consumer Protection Act, 47 USC §227, (TCPA) [*the act hereby supplemented*]. *Id.*

88. By initiating twelve (12) calls to Plaintiffs Cell phone, the defendants caused Plaintiff to suffer a loss of minutes from his cellular plan, an ascertainable loss of moneys as that term is defined by statute, for answering the defendants unlawful prerecorded calls, the cost to charge the phone and the unnecessary consumption and decline in allowable charging cycles.

89. Plaintiff sustained the above defined 'ascertainable loss' which was the direct result caused by the Defendants unlawful knowing violations of law to the protections afforded him under the TCPA as well as those embodied within The Consumer Fraud Act.

**90.**     Therefore, in addition to any other appropriate legal or equitable relief, Plaintiff seeks a separate award of the mandatory threefold damages sustained as a result of the Defendants use or employment of an act or practice declared unlawful under <u>N.J.S.A.</u> §56:8-130 *et seq*; initiating unlawful telemarketing calls to Plaintiff's cellular phone, (an i-Phone), causing Plaintiff an unwanted loss of 'plan minutes', the cost to charge the phone and the unnecessary consumption and decline in allowable charging cycles, possibly expediting the life-cycle of Plaintiffs phone prematurely, thus necessitating the purchase of a new phone, along with violating Plaintiffs privacy rights, entitling Plaintiff this additional relief.

     **WHEREFORE,** Plaintiff demands judgment against Defendants under authority, <u>N.J.S.A.</u> §56:8-19 as follows: In addition to any other appropriate legal or equitable relief under the TCPA, award Plaintiff punitive damages along with a statutory trebled damage award for each of the **twelve (12)** unlawful calls material to Count Two, as This Court deems appropriate.

**XIII. <u>COUNT THREE</u>**
**<u>VIOLATIONS OF 47 U.S.C. §227(c)(5)(C)</u>**
**<u>UNLAWFULLY SOLICITING A NUMBER</u>**
**<u>ON THE FTC NO-CALL-LIST</u>**

**91.**     Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through ninety as if set

forth in full at length.

92. On the dates set forth herein, Plaintiff received and answered his cellular telephone and identified **twelve** (12) total calls from the Defendants.

93. The defendants repeatedly initiated those calls to a number that had been placed on the FTC no-call-list since inception. *Id.*

94. Each of the Defendants calls were <u>not</u> <u>emergencies</u> but purposely initiated to plaintiff for telemarketing purposes and violated the proscriptions of 47 U.S.C. §227(c)(5)(C).

95. The TCPA states in relevant part:

47 USC §227;

Protection of subscriber privacy rights

(5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
(A). . .
(B). . .
(C)both such actions.
"It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."

96. The defendants did not implement or established a no-call policy; did not register their intent with the State of New Jersey to solicit consumers in the forum

state and did not purchase a no-call subscription from the FTC.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability statutory damages of $500.00 for each of the twelve (12) calls material to Count Three for a total of Six Thousand Dollars ($6,000.00).

### XIV. COUNT FOUR
### AWARD FOR STATUTORY TREBLED DAMAGES FOR WILLFUL OR KNOWING VIOLATIONS OF THE TCPA, 47 U.S.C. §227(b)(3)(C)

97.     Plaintiff hereby incorporates all of the allegations of paragraphs one through ninety-six as if set forth in full at length.

98.     Plaintiff's notification not to receive any telemarketing calls was made by his registration with the Federal and State no-call-list at inception of the registry in 2003 & 2004 (respectively). *Id.*

99.     Plaintiff's notification not to receive any telemarketing calls was also made by repeatedly informing the Defendants live agents.

100.    Plaintiff's notification not to receive any telemarketing calls was made during his conversation, January 19, 2016 with the Director of Marketing, Mrs. Culp.

101.    Prior to that, Plaintiff notified CEO David

Hernandez about the unlawful calls.

102. The Defendant knowingly or willfully violated the TCPA as well as the New Jersey no-call-law when they resorted to 'robo' call and solicit Plaintiff and purposely initiated their prerecorded calls to Plaintiff without prior express written consent to do so.

103. As set forth herein, the defendant(s) knowingly or willfully used an affirmative act in an unconscionable commercial practice of telemarketing solicitations. *Id.*

104. On the dates set forth above, the Defendants knowingly or willfully initiated calls to Plaintiff with their intent to solicit him using false pretense, knowing they would be calling numbers on the federal and state no-call-list, purposely ignoring his repeated no-call requests, and chose to call anyway, which they did.

105. The defendants foregoing acts or practices as set forth above, were known, directed, accepted and approved prior to implementation by the Defendant and others, each of them in their capacity as owner[s], director[s], attorneys, marketers or managing member[s] and through Agency for each of the other defendants.

106. The Communications Act of 1934, 47 U.S.C. §312 (f)(1) (of which the TCPA is a part) does not impose a mental state requirement, in that it defines willful conduct as *"the conscious or deliberate commission or*

*omission of such act, irrespective of any intent to violate any provision, rule or regulation."*

**107.** The defendants knew their intentions to solicit plaintiff by telephone would violate the TCPA as well as New Jersey's no-call law, but they knowingly chose to initiate their unlawful calls anyway.

**108.** The Defendants and each of them knowingly or willfully violated the TCPA; 47 U.S.C.§227 which provides strict liability by statute, for Plaintiff to receive damages, of $1,500.00, for each count and every violation within each such call identified within this complaint.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff trebled the strict liability statutory TCPA damages of Counts One and Three; for a total of $36,000.00 plus statutory and Punitive Damages for separate State Law claims for each such violation material and relevant to those raised within this count and within this Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(a)    Award Plaintiff strict liability statutory damages of $500.00 for each of the twelve (12) prerecorded messages made in violation of the regulations prescribed under the TCPA, 47 U.S.C. §§227(b)(1)(A)(iii) material to Count One for a total of $6000.00.

(b)     Award  Plaintiff  strict  liability
statutory damages of $500.00 for each of the twelve (12)
prerecorded messages made in violation of the regulations
prescribed  under  the  TCPA,  47  U.S.C.  §227(c)(5)(C)
material to Count Two for a total of $6,000.00.

(c)     Award  Plaintiff  trebled  statutory
damages  for  the  series  of  prohibited  calls  that  were
willfully  or  knowingly  made  in  violation  of  the  TCPA,
defined within the Communications Act of 1934, 47 U.S.C.
§312(f)(1), administered by the FCC, for the twelve (12)
prerecorded  messages  addressed  in  Counts  One  and  Three,
trebling that amount to $36,000.00.

(d)     Under  authority  of  the  New  Jersey
Consumer Fraud Act, codified at N.J.S.A. §56:8-130; award
Plaintiff  the  mandatory  trebling  of  the  ascertainable
loss  material  to  Count  Three  along  with  an  award  for
Punitive  damages  as  this  Court  deems  appropriate.
Prevailing  rates  for  A  replacement  i-Phone  is
approximately $1000.00

(e)     Award  Plaintiff  attorney  fees  if
applicable, or, in the alternative, award Plaintiff costs
associated  with  this  litigation  pursuant  to  N.J.S.A.
§56:8-19

(f)     Award      Plaintiff      Permanent
Injunctive Relief pursuant to 47 U.S.C. §227(b)(3)(A)

(g)     Award Plaintiff any Other Equitable

Relief   the   Court   deems   justified   to   stop   the
telemarketing defined and described herein.

(h)   Plaintiff   reserves   the   right   to
amend this complaint or supplement this prayer, in the
event   additional   violations   or   information   surface
through continuing discovery.

Respectfully submitted,

By: _____

RICHARD M. ZELMA, *pro se*
Dated: February 25, 2019

## RULE 4:5-1 CERTIFICATION

Pursuant  to  the  requirements  of  R.  4:5-1,  I  certify
that  the  matter  in  controversy  is  not  the  subject  of
any  other  Court  or  Arbitration  proceeding,  nor  is  any
other  Court  or  Arbitration  proceeding  contemplated.   No
other  parties  should  be  joined  in  this  action.

By: _____

RICHARD M. ZELMA, *pro se*
Dated: February 25, 2019

## NOTICE TO ATTORNEY GENERAL
## FOR THE STATE OF NEW JERSEY

**NOTICE  IS  HEREBY  GIVEN**  to  the  Office  of  Attorney
General  for  the  State  of  New  Jersey  pursuant  to
*N.J.S.A*.  *§56:8-20*  of  the  within  claim  based  upon
violations  of  the  Consumer  Fraud  Act  and  the  New  Jersey
no-call law.

I hereby certify that contemporaneous with the filing hereof, a copy of this pleading has been mailed to the aforesaid Office of Attorney General for the State of New Jersey at the New Jersey State Division of Law, Hughes Justice Complex, 25 W. Market St., P.O. Box 112, Trenton, NJ 08625-0112.

RICHARD M. ZELMA, *pro se*
PLAINTIFF

Dated: **February 25, 2019**

Signed on the date set forth herein, Norwood, NJ 07648